FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 1 0 2012 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ABDU NUMI,

                Plaintiff,

    -against-

USCIS and DAVID S. HARARY,

                Defendants.

------------------------------------------------------------------- X

12-CV-4510 (ARR) (LB)

<u>NOT FOR ELECTRONIC
OR PRINT PUBLICATION</u>

<u>MEMORANDUM AND
ORDER</u>

ROSS, United States District Judge:

    Plaintiff Abdu Numi, appearing *pro se*, filed the present action and an accompanying motion and affidavit asking the court to compel defendant United States Citizenship and Immigration Services ("USCIS" or "the Agency")[1] to reopen and reconsider his application for adjustment of status. Plaintiff's request to proceed *in forma pauperis* is granted, but the complaint and motion are dismissed for the following reasons.

## BACKGROUND

    According to the complaint and attached exhibits, plaintiff applied for adjustment of immigration status to lawful permanent resident by filing Form I-485, on the basis of a Form I-130 Petition for Alien Relative filed by his father. On December 9, 2002, plaintiff attended an interview on his I-495 application at the USICS New York Office. In a decision issued that day, the Agency found that Plaintiff was inadmissible as a matter of law under Section 212(a)(9)(B)(i) of the Immigration and Nationality Act ("INA"), which provides that an alien who, inter alia, was unlawfully present in the United States for one year or more and again seeks admission

---

[1] At the time plaintiff entered the United States and filed his I-485 application, the federal agency handling immigration proceedings was the Immigration and Naturalization Service ("INS"). On March 1, 2003, the INS ceased to exist and its immigrant adjudication functions were transferred to USCIS. The court's reference to "the Agency" may refer to either entity.

1

within ten years of the date of his departure or removal from the United States, is inadmissible. 8 U.S.C. § 1182(a)(9)(B)(i)(II); see Compl. (Dkt. No. 1) ¶¶ 7, 11, 12, Ex. A. The decision found that plaintiff had been unlawfully present in the United States for more than one year prior to filing his I-485 application and that his May 30, 2001 departure from the United States triggered the ten-year bar of inadmissibility. Id., Ex. A. It noted that, prior to his departure, plaintiff was granted an advance parole document, Form I-512, which notified him that he could be found inadmissible upon his return unless he qualified for a waiver of inadmissibility. Id. The decision explained that it was not appealable but that plaintiff could file a motion to reconsider. Id.

On January 6, 2003, plaintiff filed a motion to reconsider or reopen the proceeding, by his immigration attorney, defendant David S. Harary. Id., Ex. B. The motion argued that plaintiff was eligible for a waiver pursuant to Section 212(a)(9)(B)(v), which provides for discretionary waivers of inadmissibility in situations where it is determined that refusal of admission would result in "extreme hardship" to the citizen or lawfully resident spouse or parent of an applicant. Id.; 8 U.S.C. § 1182(a)(9)(B)(v). Plaintiff indicated that he was attaching, to the motion, an I-601 waiver application. The Agency dismissed plaintiff's motion by decision dated July 28, 2004. Id., Ex. C. In that decision, it was noted that plaintiff's I-601 waiver application, filed on January 8, 2003, was denied on July 28, 2004. Neither the I-601 waiver application nor the denial is attached to the complaint.

In the instant complaint, plaintiff claims that defendant USCIS, at his interview, violated his constitutional rights by "failing to provide plaintiff with a copy of the waiver of the application of Section 212(a)(9) and withholding the same." Compl. ¶ 21. Plaintiff requests that this court order the restoration of his immigration case. Plaintiff's complaint and a simultaneously-filed notice of motion and annexed affidavit also allege that he received

ineffective assistance from Harary. Compl. ¶ 9; Aff. (Dkt. No. 3) ¶ 1. Plaintiff suggests that Harary incorrectly advised him on how to proceed in his interview with USCIS, and he notes several perceived deficiencies in the motion to reopen that Harary filed on his behalf. Compl. ¶¶ 10-11, 13, 16, 18-20; Aff. (Dkt. No. 3) ¶¶ 7, 9, 12-16. Plaintiff claims that Harary has subsequently been suspended from the practice of law in New York. Compl. ¶ 20.1. Plaintiff's notice of motion asks the court to grant "leave to re-file a motion to re-open or reconsider with the defendant U.S.C.I.S. Nunc Pro Tunc to January 6, 2003, on the basis of ineffective assistance of counsel." Aff. ¶ 1.

On September 20, 2012, plaintiff filed an "Affidavit for Change on the Record," in which he seeks to amend the caption of his complaint in order to add a new defendant, Stephen J. Haugh, and to change defendant Harary's address. Although Haugh is not mentioned in the body of the complaint, his name appears in the carbon copy line of the December 9, 2002 decision, indicating that he may have represented plaintiff at the time. Compl., Ex. A.

## DISCUSSION

Plaintiff asks this court to order USCIS to reopen his immigration case, a request that challenges the discretionary determination of USCIS.[2] This court does not have jurisdiction over plaintiff's claims regarding his eligibility for a waiver of inadmissibility. Section 212(a)(9)(B)(v) of the INA provides for discretionary waivers for otherwise inadmissible aliens "if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien." 8 U.S.C. § 1182(a)(9)(B)(v). The section commits this decision to the

---

[2] Plaintiff does not appear to challenge the Agency's finding that he is statutorily ineligible for admission. Although plaintiff asserts that "the reasons for the denial of [his] I[-]485 application were due to the fact that [he] was allegedly inadmissible," Compl. ¶ 12, plaintiff does not challenge the constitutionality of 8 U.S.C. § 1182(a)(9)(B)(i)(II) or argue that the statute does not apply to him.

3

"sole discretion" of the Attorney General and specifically provides that "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." Id. Accordingly, the court has no jurisdiction to order USCIS to reopen the original proceeding.[1] See Boedhoe v. Holder, 456 Fed. Appx. 28, 29 (2d Cir. Jan. 18, 2012)("[W]e lack jurisdiction to consider [petitioner's] challenge to the agency's denial of his applications for waivers of inadmissibility").

Plaintiff claims regarding his counsel's allegedly ineffective assistance are also subject to dismissal. The Sixth Amendment right to counsel only attaches in criminal proceedings and has no application to civil immigration proceedings. See Debeatham v. Holder, 602 F.3d 481, 485 (2d Cir. 2010)("Because immigration proceedings are of a civil rather than criminal nature, aliens in removal proceedings enjoy no specific right to counsel under the Sixth Amendment to the Constitution." (citation, internal quotation marks, and alterations omitted)). To the extent that plaintiff seeks to amend the complaint to add Stephen J. Haugh as a defendant, the court denies him leave to do so, as any such amendment would be futile. Neither the original complaint nor the September 20, 2012 "Affidavit for Change on the Record" levies any allegations against Haugh. To the degree that plaintiff seeks to assert ineffective assistance of counsel claims against Haugh for any legal immigration counsel given plaintiff, the claims would be subject to dismissal for the same reasons as those asserted against Harary.

## CONCLUSION

As this court has no jurisdiction to review plaintiff's claims related to his immigration

---

[1] To the degree that plaintiff alleges that USCIS's failure "to provide plaintiff with a copy of the waiver of the application of Section 212(a)(9)" constituted a violation of his due process rights, Compl. ¶ 21, plaintiff has not sufficiently alleged that he suffered any prejudice therefrom. Nor does it appear that he would be able to, as his attorney thereafter applied for such a waiver. See Garcia-Villeda v. Mukasey, 531 F.3d 141 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (citation and internal quotation marks omitted)).

4

hearing, plaintiff's motion is denied, and his complaint is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: October 19 2012
Brooklyn, New York

5

SERVICE LIST:

**Plaintiff:**

Abdu Numi
c/o LOU MORGAN, POA
41 Schermerhorn Street
Box 223
Brooklyn, NY 11201